IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA BAKER-LARUSH,
on behalf of herself and all others similarly situated,

                             Plaintiff,                        OPINION and ORDER
   v.

MEDICAL SERVICES, INC.                                  20-cv-02-jdp
d/b/a Hayward Area Memorial Hospital & Water's Edge,

                             Defendant.

---

       This is a proposed class action for alleged violations of a Wisconsin law that prohibits overcharging patients for copies of medical records. Defendant Medical Services, Inc. removed the case from state court, relying on 28 U.S.C. § 1332(d) as a basis for jurisdiction. Among other things, that provision requires the proponent of jurisdiction to show "minimal diversity," which means that at least one proposed class member is a citizen of a different state from the defendant. In this case, Medical Services alleges that it is a citizen of Wisconsin. But Medical Services failed to identify a specific class member with different citizenship in its notice of removal, as required by *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019). As the proponent of jurisdiction, Medical Services has the burden to show that the court has jurisdiction over the case, *see Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009), so the court gave Medical Services an opportunity to file supplemental materials.

       In response, Medical Services filed a declaration in which it identified three individuals who it says are citizens of Minnesota, Florida, and Tennessee. Dkt. 15. But there are two problems with Medical Services's new allegations. First, the only fact Medical Services provides

about these individuals is that the request for copies came from those three states at different times in 2019. That's not enough. Medical Services needed to provide "details establish[ing] that the people described [in] the . . . affidavit . . . reside[] in states other than [Wisconsin] with the intent to remain in those other states." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 733 (7th Cir. 2017) (discussing evidence provided after the court gave the parties an opportunity to supplement their jurisdictional allegations). The location of individuals at the time they requested copies doesn't show domicile at the time of removal. *See Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014) ("[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence"); *id.* at 665 (citizenship at time of removal is what matters).

Second, even if the court were to assume that the individuals identified currently reside in other states, it would mean that the individuals are not members of the proposed class, which is limited to "all persons in Wisconsin." Dkt. 1-1, ¶ 30. To meet the minimal diversity requirement, Medical Services would have to identify someone who is "in Wisconsin" but domiciled in another state. Medical Services has not even attempted to make that showing.

Medical Services has had two opportunities to show that its removal was proper under § 1332(d). It isn't entitled to a third opportunity. *See Guar. Nat. Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir. 1996) ("Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear."). So the court will remand the case to state court.

ORDER

IT IS ORDERED that this case is REMANDED to Sawyer County Circuit Court for lack of subject matter jurisdiction.

Entered March 6, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge